[L. A. No. 798.    Department Two.—March 11, 1901.]

EMILY J. ADAMS, Executrix, etc., Appellant, v. EMMA M. ATHERTON et al., Respondents.

GIFT CAUSA MORTIS — REVOCATION OF GIFT — ACTION TO REVOKE — POS-SESSION AND JUDGMENT NOT ESSENTIAL. — A gift *causa mortis* may be revoked by the giver at any time, and no particular procedure is prescribed to accomplish the revocation. It is not essential to a revocation that the giver shall again acquire the actual possession of the property given, nor is it necessarily a judgment in an action to revoke the gift which accomplishes the revocation; but the inten-tion to revoke it is sufficiently manifested by the beginning and prosecuting of an action to revoke the gift.

ID. — KNOWLEDGE OF INTENT TO REVOKE — SERVICE OF SUMMONS AND COMPLAINT. — The intention of the donor to revoke the gift is suffi-ciently brought to the knowledge of the donee by the service of the summons and complaint in the action to revoke it.

ID. — ASSIGNMENT OF NOTE AND MORTGAGE — BILL OF SALE OF OTHER PROPERTY — REVOCATION OF ENTIRE GIFT. — The prosecution of an action by the giver to revoke a gift *causa mortis*, consisting of an assignment of a note and mortgage, and a bill of sale of all other property of the donor, and seeking to cancel both the assignment and the bill of sale, accomplishes a revocation of the entire gift.

ID. — DEATH OF DONOR PENDING SUIT — JUDGMENT IN FAVOR OF EXECU-TRIX — ERRONEOUS FINDING — CONCLUSION OF LAW. — Where the donor died pending the suit to revoke the gift *causa mortis*, and the executrix of a will, made in favor of the donee prior to the com-mencement of the action, prosecuted it to judgment, said executrix is entitled to a judgment canceling the assignment of the note and mortgage and the bill of sale, and for the possession of the entire property. A finding that the note and mortgage was not revoked must be disregarded as an erroneous conclusion of law.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and James H. Blanchard, for Appellant.

Robert J. Adcock, T. D. Reymert, and L. H. Washburn, for Respondents.

THE COURT. — Suit to revoke a gift *causa mortis*. The plaintiff appeals from the judgment upon the judgment roll.

The property which is involved in the action, and which was the subject of the gift, consisted of a note and mortgage of the value of nine hundred dollars, and household furniture, and some jewelry, watches, wearing-apparel, etc., of the value of four hundred dollars, constituting together all the property of the donor, Mary Jane Calder. The donee was the defendant Emma M. Atherton, a niece of the donor, of the age of about fifteen years, who had lived with her said aunt from infancy. The donor was a widow without children.

On May 5, 1898, during her last illness, and in view of death, Mrs. Calder executed an assignment of said note and mortgage, and a bill of sale of the other property, to her said niece. These instruments were taken charge of by the attorney who prepared them for her, and were by him delivered to the guardian of the person and estate of the niece, by whom they were recorded in the office of the county recorder.

This action to revoke said gifts, and to cancel said assignment of the note and mortgage and said bill of sale, was commenced by the donor, Mrs. Calder, on July 16, 1898. Prior to the commencement of the action she executed a will, disposing of the whole of her property for the benefit of her niece. This will was executed on July 8th, and is set out in full in the answer. After her death, said will was duly probated, and the present plaintiff, having been duly appointed and qualified as executrix of said will, was substituted as plaintiff herein, and filed an amended complaint.

The fifth, sixth, and seventh findings are as follows: —

" 5. That on the fifth day of May, 1898, and during her last illness, and in view of death, the said Mary Jane Calder made a gift of all her property to the defendant Emma M. Atherton. Said property is described in paragraph 3 of the plaintiff's amended complaint. And said Mary Jane Calder was of sound and disposing mind at the time she made said gift.

" 6. That on or about the thirtieth day of June, 1898, said Mary Jane Calder was removed from her home to the Christian Hospital, a charitable institution in Los Angeles City, California, and thereafter, on or about the fifth day of July, 1898, she was taken from said hospital to the county hospital of Los Angeles County; that thereafter, on the eighth day of July, 1898, and while a patient at said county hospital, she made her last will and testament, hereinbefore mentioned.

" 7. That said Mary Jane Calder did, in her lifetime, revoke

said gift as to all of the property described in the plaintiff's amended complaint, except as to the note and mortgage, and that she did not revoke that portion of the gift."

As conclusions of law the court found that said gift, made on May 5, 1898, was a gift *causa mortis*, and was revoked by the donor, in her lifetime, as to the property described in the bill of sale, but that the donor did not revoke said gift as to said note and mortgage, and judgment was entered accordingly,— each party to pay their own costs. The appeal is from that part of the judgment confirming the gift as to the note and mortgage, and from that part refusing costs to the plaintiff.

That the commencement and prosecution of this action was a revocation of the whole of the gift, including the property described in the bill of sale, would appear to be beyond question. The code does not prescribe any particular procedure to accomplish a revocation of a gift *causa mortis*. It simply declares that "a gift in view of death may be revoked by the giver at any time" (Civ. Code, sec. 1151), and we can conceive of no more emphatic announcement of an intention to revoke the gift and retake possession and control of the property, the subject of the gift, than that here pursued. It is not essential to a revocation that the donor should again acquire the actual possession. If it were so, a revocation could in many cases be defeated. A subsequent will, if it expresses an intention to revoke the gift, will accomplish the revocation, under our code. (See Civ. Code, sec. 1152.) The intention of the donor to revoke both gifts, if we may call them two, is here manifested by the same act, and at the same time and in the same manner, and if effectual to revoke the gift as to one part, must be equally so as to the other. The defendants, the donee and her guardian, appeared and demurred to the complaint before the death of the donor, so that even if knowledge, on the part of the donee, of the revocation before the death of the donor were essential, such knowledge was communicated by the service of the summons and complaint. To such action the answer stated no facts sufficient to constitute a defense; and if such action could effect a revocation as to a part of the property, it must operate as a revocation of the gift as to the whole of it. It is not necessarily the judgment in the action which operates as a revocation; but the intention to revoke, manifested by bringing and prosecuting the action, is quite sufficient for that purpose. There is neither allegation nor finding that

there was any gift of the note and mortgage after the date of the original gift on May 5th, nor after the defendant's appearance to this action.

We must therefore regard the finding that Mary Jane Calder did not revoke the gift of the note and mortgage as an erroneous conclusion of law that should be disregarded; and that portion of the judgment relating to said note and mortgage is reversed, with directions to the court below to enter judgment for the plaintiff, canceling the assignment of said note and mortgage and said bill of sale, and that all said property be delivered by the defendants to the plaintiff, as executrix of the last will and testament of said Mary Jane Calder, deceased, and it is so ordered.

Hearing in Bank denied.